**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 6, 2013

Lyle W. Cayce
Clerk

No. 13-40202
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD KENDRIC MCCOY,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-38-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ronald Kendric McCoy appeals from the order of the district court revoking his term of supervised release and imposing a 12-month term of imprisonment. He also moves for release pending appeal and moves for this court to strike the Government's brief; both motions are denied.

First, McCoy argues that several witnesses were allowed to testify at his revocation hearing without the defense having received copies of their prior statements. However, McCoy does not identify these witnesses and therefore

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

has failed to brief his contention for appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987).

Second, McCoy contends that he was deprived of his right to confront and cross-examine the employees of Guild Mortgage, in violation of the Fifth and Sixth Amendments and Rule 32.1 of the Federal Rules of Criminal Procedure. He bases this argument on the presentation of the hearsay testimony of Probation Officer Simone Norman concerning a letter e-mailed to the company wherein McCoy applied for a mortgage instead of testimony from employees of the company. Moreover, argues McCoy, there was no finding made that good cause existed for denying cross-examination and confrontation. Because Norman testified at McCoy's allocution hearing–which occurred after the revocation hearing before the magistrate judge–our review of the Confrontation Clause contention is de novo. *See United States v. McCormick,* 54 F.3d 214, 219 (5th Cir. 1995).

Although a defendant has a right to confront and cross-examine adverse witnesses at a revocation hearing, that right may be denied if there is good cause for doing so. *United States v. Minnitt,* 617 F.3d 327, 333 (5th Cir. 2010). The district court must make a specific finding of good cause and must state these reasons on the record. *Id.* "In evaluating good cause, the district court must weigh the defendant's interest in confrontation of a particular witness against the Government's proffered reasons for pretermitting the confrontation." *Id.* A failure to articulate reasons may constitute harmless error if the basis of good cause is apparent in the record and the finding is implicit in the district court's rulings. *Id.*

The issue as to which counsel sought to question Guild Mortgage employees was whether the e-mail came from McCoy's account. Norman's testimony established that her electronic communications from McCoy came from the same e-mail account as the e-mail in which the fraudulent mortgage application was submitted to the mortgage company. The district court did not

explicitly conduct the required balancing test before denying McCoy the right to confront the recipients of the e-mail and application. *See id.* However, the basis for a finding of good cause is implicit in the record. The district court did not believe that Smith could add anything as to whether e-mail from McCoy's e-mail account was actually sent by McCoy. Moreover, Norman's testimony indicated that the e-mail account belonged to McCoy. Any Confrontation Clause error was harmless. *See id.*

Third, in his reply brief, McCoy argues that the Government erroneously asserted in its appellee's brief that he was proven to be the aggressor in the alleged assault incident because witnesses, including the alleged victim, testified that he was not. He also argues that the Government erroneously alleged that he falsified a police report because a police officer stated that a letter placed in evidence indicated that he owed no debt to the collection company. McCoy does not argue these issues beyond stating them, and he therefore has failed to brief the issues for appeal. *See Brinkmann,* 813 F.2d at 748.

AFFIRMED. MOTIONS DENIED.